# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TYWAUN TRAMEL COAKLEY,

      Petitioner,               Civil No. 2:08-CV-14233
                                      HONORABLE LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

v.

TYWAUN TRAMEL COAKLEY-EL,

      Respondent,

_____/

## OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Tywaun Tramel Coakley, ("petitioner"), presently confined at the North Central Regional Jail in Greenwood, West Virginia, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his conviction for selling cocaine out of Marion County, West Virginia. In the interest of justice, the Court concludes that jurisdiction for this petition lies in the United States District Court for the Northern District of West Virginia and will therefore order that the petition be transferred to that district.

## I. DISCUSSION

A district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 495 (1973); *Roman v. Ashcroft*, 340 F. 3d 314, 319 (6th Cir. 2003). In the present case, petitioner was convicted in Marion County, West Virginia, and is presently incarcerated in Greenwood, West Virginia, which is located in Morgan County, West Virginia. Marion County and Morgan County

are both located in the Northern District for Western Virginia. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962–63 (5th Cir. 2000).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819–20 (E.D. Mich. 1988) (Zatkoff, J.); 28 U.S.C. § 1404(a). Because petitioner's conviction was imposed in a state court that was not located in the Eastern District of Michigan and petitioner is not presently in custody in this district, the Court will transfer the matter to the United States District Court for the Northern District of West Virginia. *See Dilworth v. Johnson*, 215 F. 3d 497, 499 n.1 (5th Cir. 2000).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Northern District of Western Virginia pursuant to 28 U.S.C. § 2241(d).


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 21, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290